## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LORETTA PRICE, individually and as Special Administrator In the Matter of the Estate of Duane E. Sweeten | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 13-CV-402-JHP |
| LEFLORE COUNTY DETENTION CENTER PUBLIC TRUST, and BRANDI SAULSBERRY, in her individual capacity, | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion to Compel Discovery [Doc. No. 49] and Defendant Trust's Response and Objection in Opposition to Plaintiff's Motion to Compel [Doc. No. 54]. Also before this court is Defendant Trust's Motion and Brief for Leave to File Supplemental Response to Plaintiff's Motion to Compel. [Doc. No. 81]. After review of the briefs, and for the reasons stated below, Defendant Trust's Motion and Brief for Leave to File Supplemental Response to Plaintiff's Motion to Compel is **DENIED** and Plaintiff's Motion to Compel Discovery is **GRANTED** in part.[1]

---

[1] In its Response and Objection to Plaintiff's Motion to Compel, Defendant Trust raises the issue of Rule 11 sanctions. Defendant Trust devotes a significant portion of its response brief to the issue of alleged sanctionable behavior by Plaintiff and Plaintiff's counsel and informs the Court of its "intent to seek Rule 11 sanctions." [Doc. No. 54, p. 2]. However, the Defendant has made no such motion for sanctions. Without a motion for sanctions, the Court will not rule on this issue. Any motion for sanctions by Defendant Trust should be made by separate motion. LCvR7.1(c).

**BACKGROUND**

Plaintiff, Loretta Price, individually and as Special Administrator in the matter of the Estate of Duane E. Sweeten, commenced this action on February 19, 2013 in the District Court for Leflore County, Oklahoma. [Doc. No. 3, Ex. 2]. Plaintiff subsequently filed an Amended Petition [Doc. No. 3, Exhibit 3] and a Second Amended Petition [Doc. No. 3, Ex. 4]. The action was removed to the United States District Court for the Eastern District of Oklahoma on September 5, 2013. [Doc. No. 3]. Plaintiff asserts claims under title 42, section 1983 of the United States Code; Article 2, sections 7 and 30 of the Oklahoma Constitution; and title 19, section 746 of the Oklahoma Statutes. Plaintiff's claims stem from the death of her son, Duane E. Sweeten ("Sweeten"), on August 15, 2011 while Sweeten was incarcerated in Leflore County Jail.

**DISCUSSION**

Pursuant to Fed. R. Civ. P. 37(a)(3), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if, *inter alia,* "a party fails to answer an interrogatory submitted under Rule 33" or "fails to respond that inspection [of requested documents] will be permitted—or fails to permit inspection—as requested under Rule 34."

In a federal civil proceeding, parties may only obtain discovery regarding a non-privileged matter that is relevant to a claim or defense involved in the pending litigation. Fed. R. Civ. P. 26(b)(1). For this purpose, relevance is viewed broadly in that "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevancy, construed liberally, creates a broad vista for discovery, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1988), such that a trial

becomes "less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958).

Nonetheless, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Thus, discovery of matters not "reasonably calculated to lead to the discovery of admissible evidence" does not fall within the scope of Rule 26(b)(1).

Furthermore, even if a discovery request seeks relevant information or material, a party served with that request may object on such grounds as: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" "(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or "(iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). "The familiar litany of general objections, including overly broad, burdensome, oppressive will not alone constitute a successful objection to an interrogatory nor will a general objection fulfill the objecting party's burden to explain its objections." *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 672 (D. Kan. 2003). Instead, "[t]he objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each question is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Id.*

Ultimately, "[t]he district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors in deciding whether discovery should be

compelled." *Yancey v. Hooten,* 180 F.R.D. 203, 207 (D. Conn. 1998) (citations, internal quotation marks, and punctuation omitted).

**A. Defendant Trust's Motion and Brief for Leave to File Supplemental Response to Plaintiff's Motion to Compel**

Defendant Trust requests leave of the Court to file a supplemental response to Plaintiff's Motion to Compel. At this late date such a supplemental response, together with time for the Defendant to reply to the supplemental response, would only delay the schedule agreed to by the parties and set in the Scheduling Order. [Doc. No. 31]. This delay is unnecessary given that Defendant Trust had sufficient opportunity to raise any arguments in its Response and Objection to Plaintiff's Motion to Compel. Plaintiff filed its Motion to Compel on April 28, 2014. The time for Defendant Trust to respond has passed. The Defendant Trust's Motion for Leave to File a Supplemental Response to the Plaintiff's Motion to Compel is therefore **DENIED.**

**B. Plaintiff's Motion to Compel Discovery**

At the outset, the Court notes that it has considered only the Plaintiff's Motion to Compel and the Defendant Trust's Response and Objection to Plaintiff's Motion to Compel in reaching its decision regarding the Motion to Compel. Defendant Trust's Motion and Brief For Leave to File Supplemental Response to Plaintiff's Motion to Compel is treated separately above. Plaintiff seeks to compel Defendant, Leflore County Detention Center Public Trust, to respond to the following discovery request:

> INTERROGATORY NO. 15: Please identify any written complaints concerning failure to provide medical treatment to inmates at the detention center for the ten years prior to the filing of this action. [Doc. No. 49 at p. 3].

Plaintiff argues these records are relevant to her allegations that Defendant Trust had an unconstitutional policy of denial of medical treatment to its prisoners and that Defendant Brandi

Saulsberry was negligent in her supervision. [Doc. No. 49 at p. 4]. In its initial response to Interrogatory 15, Defendant Trust objected on the grounds that "Plaintiff's request is overbroad, unreasonably burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence." [Doc. No. 49 at p. 3]. Defendant later supplemented its response as follows:

> SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:
>
> Defendant objects to this Request as being overbroad, unreasonably burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to these objections, to respond to this Interrogatory, Defendant Trust would have to review all inmate grievances, inmate requests to staff, lawsuits, and Notice of Tort Claims submitted by anyone for the past 10 years, and Defendant objects to doing this for the reasons set forth herein.
>
> Without waiving these objections, Defendant Trust provides the following information: Claude Jones is the current Jail Administrator, and has been since approximately May 2011. Since he has been Jail Administrator, the LCDC has been sued three times to the best of his knowledge for alleged denial of medical treatment: this Price case; Matt Martindale v. LeFlore County, et al., Eastern District of Oklahoma Case No. CIV-13-525-FHS; Dominique Tabb v. LeFlore County, et al., Eastern District of Oklahoma case number11-CV-0433-JHP-SPS. [Doc. No. 54, Ex. 1].

In its Response and Objection to Plaintiff's Motion to Compel, Defendant's response and objections to the Plaintiff's request are fourfold.[2] First, Defendant Trust argues that its Supplemental Response to Interrogatory 15 was responsive because Plaintiff's request was phrased as "*any* written complaints" rather than "*all* written complaints." [Doc. No. 54]. The Defendant essentially argues that by requesting "any written complaints" the Plaintiff is only requesting some of the written complaints that may exist. In its supplemental response, the

---

[2] Though Defendant's Supplementary Response to Interrogatory 15 states that the requested information is "not relevant, and not reasonably calculated to lead to the discovery of admissible evidence," the Defendant does not maintain this objection in its response and objection to the Plaintiff's Motion to Compel. The requested written complaints are relevant to Plaintiff's allegations that Defendant Trust had an unconstitutional policy of denial of medical treatment to its prisoners and that Defendant Brandi Saulsberry was negligent in her supervision. [Doc. No. 49 at p. 4].

Defendant provides citations to three cases in which plaintiffs have alleged denial of medical care by the Leflore County Detention Center, including this case. The Defendant argues that because it has identified *some* written complaints, i.e. the lawsuits, it has fully responded to the Plaintiff's request for "*any* written complaints." The Court rejects this interpretation of the Plaintiff's request. "A party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories.'" *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000) (citing *Pulsecard, Inc. v. Discover Card Services, Inc.,* 168 F.R.D. 295, 310 (D. Kan. 1996)). In this context, it is clear that the term "any" connotes "all" or "every." *See e.g. Blacks Law Dictionary* 86 (5th ed. 1979). The reasonable and common sense interpretation of Interrogatory 15 is that Plaintiff requests all written complaints regarding failure to provide medical treatment to inmates, not just some of the written complaints.

Defendant also asserts that the term "complaint" is "unclear, vague, ambiguous, and thus is unreasonably burdensome." [Doc. No. 54 at p. 7]. "The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity." *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000) (citing *Pulsecard, Inc. v. Discover Card Services, Inc.,* 168 F.R.D. 295, 310 (D. Kan. 1996)). This Plaintiff has failed to meet this burden. Plaintiff need not expand the term "complaint" beyond its reasonable and common sense interpretation. The Plaintiff requests only those complaints that are written. In its Supplemental Response to Interrogatory No. 15 the Defendant appears to interpret "written complaint" to mean merely lawsuits, which is an arbitrary and unreasonably restrictive interpretation in this context.

The Defendant argues that in order to identify all written complaints, Defendant and counsel would have to review each inmate's file individually, which would be overly

6

burdensome. [Doc. No. 54 at p. 7]. The Court may limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). Further, the following non-exclusive list of factors that should be considered is set out in Rule 26(b)(2)(C)(iii): "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Here, prior written complaints regarding failure to provide medical treatment have clear relevance and importance to resolving the Plaintiff's claim that Defendant engaged in a custom and policy of conduct that led to the alleged violation of Sweeten's Constitutional rights. There is no alternative or less burdensome means of obtaining this information. Further, the burden of responding to the Plaintiff's request is primarily due to Defendant Trust's own system for filing and retaining written complaints. As the United States District Court for the Northern District of California notes, "it would be anomalous to permit defendants to avoid discovery because they have chosen to store grievances in a disorganized way." *Henderson v. City & County of San Francisco*, No. C-05-234 VRW, 2006 WL 2547611, (N.D. Cal. Sept. 1, 2006).

Finally, Defendant argues that the time frame of the request in Interrogatory 15 is overly broad and unreasonably burdensome. [Doc. No. 54 at p. 6]. The Plaintiff asks the Defendant to identify all written complaints in the ten years preceding the filing of this suit. The Court finds Defendant's contentions regarding the scope of the Interrogatory No. 15 persuasive. Rule 26(b)(2)(C) instructs courts to limit discovery to the extent that "the burden or expense of the proposed discovery outweighs its likely benefit." Here, the burden and expense of reviewing the Defendant's records for written complaints regarding medical treatment during the ten years preceding this suit outweighs the likely benefit. Plaintiff notes in her Motion to Compel Discovery that Defendant Brandi Saulsbury began employment at the detention center in 2006,

7

the same year that the new detention center facility opened, according to Defendant Trust. [Doc. No. 49 at p. 5, Doc. No. 54 at p. 6]. Thus, the Court finds that discovery should be limited to written complaints between January 1, 2006 and the filing of this lawsuit on February 19, 2013.

## CONCLUSION

For the foregoing reasons, Defendant Trust's Motion for Leave to File a Supplemental Response to the Plaintiff's Motion to Compel is **DENIED.** Plaintiff's Motion to Compel Responses from Defendant Leflore County Detention Center Trust is **GRANTED** in part. It is further ordered that this discovery must be produced on or before **August 13, 2014**.

ORDERED this 23rd day of July, 2014.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma