IN THE UNITED STATES DISTRICT COURT
                   FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LORETTA PRICE, individually and as Special Administrator In the Matter of the Estate of Duane E. Sweeten | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| | ) Case No. 13-CV-402-JHP |
| LEFLORE COUNTY DETENTION CENTER PUBLIC TRUST, and BRANDI SAULSBERRY, in her individual capacity, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are Defendants' Motion for Expedited Order Staying Discovery and Other Deadlines [Doc. No. 85], Defendants' Motion for Expedited Protective Order to Strike Deposition of Witness Claude Jones [Doc. No. 86], and Plaintiff's Response to the Defendant's Motion to Expedite Ruling for Order Staying Discovery and Other Deadlines & Motion & For Expedited Protective Order to Strike the Deposition of Witness Claude Jones[1] [Doc. No. 88]. Also before this Court is the Joint Motion for Enlargement (of) All Deadlines, joined by all parties. [Doc. No. 94]. After review of the briefs, and for the reasons stated below, Defendants' Motion for Expedited Order Staying Discovery and Other Deadlines is **GRANTED IN PART** and **DENIED IN PART.** Defendants' Motion for Expedited Protective Order to Strike Deposition of Witness Claude Jones is moot. The Joint Motion for Enlargement [of] All Deadlines is **GRANTED IN PART**.

---

[1] Title reproduced here as it appears in Plaintiff's motion.

## BACKGROUND

Plaintiff, Loretta Price, individually and as Special Administrator in the matter of the Estate of Duane E. Sweeten, commenced this action on February 19, 2013 in the District Court for Leflore County, Oklahoma. [Doc. No. 3, Ex. 2]. Plaintiff subsequently filed an Amended Petition [Doc. No. 3, Ex. 3] and a Second Amended Petition [Doc. No. 3, Ex. 4]. The action was removed to the United States District Court for the Eastern District of Oklahoma on September 5, 2013. [Doc. No. 3].

Plaintiff's claims stem from the death of her son, Duane E. Sweeten ("Sweeten"), on August 15, 2011 while Sweeten was incarcerated in Leflore County Jail. Plaintiff asserts claims under title 42, section 1983 of the United States Code; article 2, sections 7 and 30 of the Oklahoma Constitution; and title 19, section 746 of the Oklahoma Statutes against Defendants, Leflore County Detention Center Public Trust and Brandi Saulsberry, in her individual capacity. Plaintiff asserts three counts under section 1983 in her Second Amended Complaint: failure to provide medical treatment in violation of the Fourteenth Amendment to the United States Constitution, use of excessive force in violation of the Fourth Amendment, and negligent training and supervision resulting in deprivation of rights guaranteed by the Fourth and Fourteenth Amendments. [Doc. No. 3, Ex. 4]. Plaintiff has abandoned her claim for use of excessive force. [Doc. No. 76 at 12, Doc. No. 77 at 8].

Defendant Brandi Saulsberry filed a Motion for Summary Judgment in this Case on June 17, 2014. [Doc. No. 63]. Defendant Saulsberry asserts that she is entitled to qualified immunity. [*Id.* at 21]. On July 3, 2014 Plaintiff responded [Doc. No. 76] and Defendant Saulsberry filed her reply on July 17, 2014 [Doc. No. 82]. Plaintiff then filed a Motion to Request the Court to Defer Its Ruling on the Defendant Brandi Saulsberry's Motion for Summary Judgment. [Doc. No. 83].

This Court granted the Plaintiff's motion and ordered the Plaintiff to supplement her response to Defendant's motion for summary judgment by August 22, 2014. [Doc. No. 90].[2] On July 18, 2014 Defendant Saulsberry, joined by Defendant Leflore County Detention Center Trust, moved for this Court to stay discovery until this Court has ruled on Defendant Saulsberry's qualified immunity defense [Doc. No. 85] and to issue a protective order to strike the deposition of Claude Jones until this Court has ruled on the defendants' motion to stay discovery [Doc. 86]. Subsequently, all parties agreed to strike the deposition of Claude Jones, rendering the defendants' motion for a protective order moot. [Doc. No. 88 at 5]. All parties, including Plaintiff, have also joined in a Joint Motion for Enlargement (of) All Deadlines [Doc. No. 94], wherein the parties agree that Defendant Leflore County Detention Center requires an additional 90 days to complete review of its records to comply with the order entered by this Court on July 23, 2014 [Doc. No. 89].

**DISCUSSION**

Qualified immunity protects public officials, sued in their individual capacities, from claims under 42 U.S.C. § 1983. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The qualified immunity defense may be raised by the defendant at summary judgment. "The defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

---

[2] Similarly, Defendant LeFlore County Detention Center has filed a Motion for Summary Judgment [Doc. No. 61], which Plaintiff responded to on July 3, 2014 [Doc. No. 76]. Plaintiff filed a Motion to Request the Court to Defer Its Ruling on Leflore County Detention Center's Motion for Summary Judgment [Doc. No. 84], which this court granted [Doc. No. 90], giving Plaintiff until August 22, 2014 to supplement her response to Defendant Leflore County Detention Center's Motion for Summary Judgment.

The issue of qualified immunity should be resolved at the "earliest possible stage of litigation" in order to protect public officials from the "broad-ranging discovery" that can be "peculiarly disruptive of effective government." *Anderson v. Creighton*, 483 U.S. 635, 646 (1987) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982)). However, qualified immunity does not create immunity from all discovery. *Crawford-El v. Britton*, 523 U.S. 574, 594 n. 14 (1998). "Limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." *Id*. A district court may defer ruling on qualified immunity grounds at the summary judgment stage and call for additional discovery that is needed to oppose the motion. *Jones v. City and County of Denver, Colorado*, 854 F.2d 1206, 1211 (10th Cir. 1988).

Defendants contend that all discovery in this case should be stayed until the qualified immunity defense raised by Defendant Saulsberry is resolved. While it would be disruptive and burdensome for Defendant Saulsberry to endure broad-ranging discovery after raising the defense of qualified immunity, limited discovery with respect to the issue of qualified immunity is necessary in order for Plaintiff to gather the evidence necessary to oppose the pending motion for summary judgment on qualified immunity grounds. As such, discovery regarding the issue of qualified immunity should continue. However, all other discovery with respect to Defendant Saulsberry is stayed until the defense of qualified immunity is resolved.

The qualified immunity defense may only be raised by Defendant Saulsberry and therefore Defendants have presented no reason why discovery should be stayed with respect to Defendant Leflore County Detention Center. To the extent Defendants request a stay of discovery with respect to Defendant Leflore County Detention Center, that motion is denied. Such a stay would unnecessarily delay the resolution of this case.

Plaintiff and Defendants also move that all existing deadlines in this case be extended by 90 days to allow Leflore County Detention Center time to comply with this Court's July 23, 2014 Order granting the Plaintiff's Motion to Compel (Doc. No. 89). (Doc. No. 94). It is clear that Defendant Leflore County Detention Center will not be able to meet the Court's deadline of producing the requested documents by August 13, 2014. However, extending all existing deadlines by 90 days would unnecessarily delay the resolution of this case. Therefore, this Court will extend all existing deadlines as noted in the scheduling order entered in conjunction with this order of the Court and as noted herein. Any deadline not specified in the scheduling order or herein is to be extended by 60 days. Specifically, the deadline for the Plaintiff to supplement her response to Defendant Saulsberry's Motion for Summary Judgment will be September 22, 2014, which allows time for Plaintiff to perform discovery necessary to respond to the qualified immunity defense raised by Defendant Saulsberry, but will enable this Court to resolve the qualified immunity defense at the earliest possible stage in this litigation. The deadline for Plaintiff to supplement her response to Defendant Leflore County Detention Center Public Trust's Motion for Summary Judgment will be October 17, 2014. Defendant Leflore County Detention Center's reply to the Plaintiff's supplemented response will be due October 24, 2014. The discovery cutoff will be October 3, 2014, which will also replace the deadline for Defendant Leflore County Detention Center to comply with the Court's order granting plaintiff's motion to compel (Doc. No. 89). The deadline for Plaintiff to show cause why Defendants John Doe Entity and Jane Doe should not be dismissed will be October 17, 2014.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Expedited Order Staying Discovery and Other Deadlines [Doc. No. 85] is **GRANTED IN PART** and **DENIED IN PART.** The Joint

Motion for Enlargement [of] All Deadlines [Doc. No. 94] is **GRANTED IN PART and DENIED IN PART,** pursuant to the forthcoming scheduling order.

**IT IS SO ORDERED** this 12th day of August, 2014.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma